[Crim. No. 5469.   Second Dist., Div. Three.   Dec. 22, 1955.]

THE PEOPLE, Respondent, v. VIRGIL RICHARD HARDIN, Appellant.

---

*Assigned by Chairman of Judicial Council.

170

Harry V. Leppek for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was convicted in a nonjury trial of violating section 501 of the Vehicle Code (driving an automobile while under the influence of intoxicating liquor, and causing bodily injury to another person). Imposition of sentence was suspended, and probation was granted on condition that defendant pay a fine of $350. He appeals from the order denying his motion for a new trial, and from the "judgment" (order granting probation).

Upon stipulation, the prosecution's case was submitted on the transcript of the preliminary examination. The defendant did not testify, and no witness was called on his behalf.

On December 23, 1954, about 9 p. m., defendant was driving an automobile easterly on the wrong side of a freeway; and Mr. Hutton was driving an automobile westerly on the proper side of the freeway. The automobiles collided, "nearly" head-on, and both drivers sustained bodily injuries.

About half an hour after the collision Officer Smith saw defendant lying on an operating table at a hospital. Defendant's head had been bandaged, and he was attempting to sit up. The officer, who was in full uniform, told him that they would like to take a sample of blood from his arm for an alcohol test. Defendant said, "Sure, that's all right, you can have anything I got." Defendant bared his arm for

the purpose of the taking of the blood. The officer asked him how he got on the freeway and how he happened to be driving on the wrong side of the freeway. He replied that he did not know where he came onto the freeway and he did not know how he got on the wrong side of it. A doctor, at the hospital, withdrew a sample of blood from defendant's arm. The sample was placed in a glass container. The officer sealed the container, and placed it in a cardboard container. He kept the sample in a refrigerator at his office until the next day, when he delivered the sample to a laboratory. A doctor at the laboratory analyzed the blood sample. It showed a blood alcohol concentration of .222 per cent. It was stipulated that the doctor, who made the analysis, would testify that defendant was under the influence of intoxicating liquor.

Appellant contends that "there was a violation of due process," in that the prosecution took blood from appellant's body, analyzed the blood as to its alcohol content, and presented testimony as to the result of the analysis. He argues that it is seriously doubted whether, under the circumstances, the defendant could have consented to the taking of the blood; and that the officer should have informed him that the sample could be used as evidence against him.

No objection was made by appellant at the trial (or at the preliminary examination) to the testimony regarding appellant's consent to the taking of the blood. No contention was made heretofore that appellant did not consent. The minutes of the trial court show that both sides rested when the trial judge said he had read the transcript of the preliminary examination. A week later when the trial was resumed, the minutes show that "Objection of the defendant to the admission of evidence is overruled"; and that both sides rested. The record does not indicate the evidence to which objection was made or upon what ground the objection was made. The appellant did not testify, and no witness was called on his behalf. It thus appears that there was no conflict in the evidence. The evidence was sufficient to support a finding that appellant consented to the taking of the blood. In *People* v. *Frederick*, 109 Cal.App.2d 897 [241 P.2d 1039], wherein there was a similar charge and a conflict in the evidence as to consent to take a blood sample, it was held that the evidence was sufficient to prove consent and to support the conviction. It was said therein at page 901: "Obviously, if consent was given, any apparent sim-

ilarity between the two cases [that case and *Rochin* v. *California*, 342 U.S. 165 (72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396)] ceases to exist, and the recent United States Supreme Court decision in the Rochin case can afford no relief to the appellant herein."

In the present case the evidence was sufficient to support the conviction.

The order denying the motion for a new trial, and the judgment (order granting probation), are affirmed.

Shinn, P. J., and Vallée, J., concurred.